Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★　★　★　　　　　　　　　　　　　　　　　　　　　★　★　★

# MEMORANDUM OPINION

No. 04-08-00744-CR

**IN RE** Oscar Gabriel **FABELA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Catherine Stone, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:   November 12, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On October 3, 2008, relator Oscar Gabriel Fabela filed a petition for writ of mandamus, complaining of the trial court's failure to rule on the following pro se motions: (1) Second Motion for Appointment of Psychiatrist; (2) Second Notice of Intent to Raise Insanity Defense; (3) Second Motion to Dismiss Appointed Counsel; (4) Application for Appointment of Attorney; (5) Motion to Set; and (6) Motion for Pre-trial Hearing.  Relator has been appointed counsel to represent him in the criminal proceeding pending in the trial court.  We conclude that relator's appointed counsel in the trial court is also his counsel for an original proceeding on the issue presented.

---

[1] This proceeding arises out of Cause No. 2007-CR-6573, styled *State of Texas v.Oscar Gabriel Fabela*, pending in the 187th Judicial District Court, Bexar County, Texas, the Honorable Raymond Angelini presiding.

To obtain mandamus relief in a criminal matter, the relator must establish: (1) the act sought to be compelled is ministerial rather than discretionary in nature, and (2) there is no adequate remedy at law. *Deleon v. District Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006). Respondent has no ministerial duty to rule on relator's pro se motions because relator is represented by appointed counsel and is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Consequently, the respondent did not violate a ministerial duty by declining to rule on relator's motions.

As to the third motion, to dismiss his attorney, none of the copies of the motions bear a file stamped date. Relator indicates that he filed the motion on September 30, 2008. Therefore, if it was filed as relator contends, it has only been pending for one month. A trial court has a reasonable time within which to perform its ministerial duty. *See Patrick*, 906 S.W.2d at 498; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Accordingly, if a court unnecessarily delays ruling, mandamus will lie in appropriate situations. Here, we cannot say that a period of one month is an unreasonable delay. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(j), 52.7(a). Because relator has not met his burden of providing a record establishing that a properly filed motion has awaited disposition for an unreasonable amount of time, he has not provided the court with grounds to usurp the trial court's inherent authority to control its own docket.

For these reasons, this court has determined that relator is not entitled to the relief sought. Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH