

NUMBER 13-09-00499-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

IN RE: MANUEL VILLARREAL

---

On Petition for Writ of Mandamus.

---

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam[1]

Relator, Manuel Villarreal, pro se, filed a petition for writ of mandamus in the above cause on August 28, 2009, seeking to compel his counsel of record to provide relator with a complete copy of his file.[2] Relator's court-appointed trial attorney has filed a response to the petition. *See* TEX. R. APP. P. 52.4.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator was convicted of sexual assault in cause number B-08-2067-0-CR-B in the 156th District Court of Bee County, Texas. This Court dismissed the appeal of that conviction based on the certification of relator's right to appeal. *See Villarreal v. State*, No. 08-00587-CR, 2009 Tex. App. LEXIS 2944, at **1-2 (Tex. App.–Corpus Christi Apr. 30, 2009) (per curiam). Mandate was issued on August 5, 2009.

compelled is purely ministerial; and (2) there is no adequate remedy at law. *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

We deny the petition for writ of mandamus for the reasons stated herein. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Specifically, for instance, the petition lacks both an appendix and a record and fails to contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record," and is largely illegible. *See id.* 52.3(h). Second, the documents before this Court fail to establish this Court's jurisdiction over this original proceeding. *See generally* TEX. GOV'T CODE ANN. § 22.221(a) & (b) (Vernon 2004); *In re McAfee*, 53 S.W.3d 715, 716 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding). Third, and finally, trial counsel's response to this petition for writ of mandamus indicates that the requested relief has been provided and this original proceeding has been rendered moot.

The Court, having examined and fully considered the petition for writ of mandamus and response thereto, is of the opinion that relator has not shown himself entitled to the relief sought. Based on the foregoing, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this 4th day of September, 2009.