Felix DELEON, Relator,

v.

DISTRICT CLERK, Lynn County, Respondent.

No. AP–75353.

Court of Criminal Appeals of Texas.

March 8, 2006.

Felix DeLeon, pro se.

Matthew Paul, State's Attorney, Austin, for state.

### OPINION

PER CURIAM.

Relator has filed a motion for leave to file a writ of mandamus. He alleges that

he has a final conviction for felony offenses in cases 99–2467 and 99–2469 of the 109th Judicial District Court. He contends that he attempted to file an application for a writ of habeas corpus with the district clerk in August 2005 and again in September 2005, but that each time, his application was returned in the original, unopened envelope, marked as "refused."

The respondent, the District Clerk of Lynn County, advised this Court that approximately three to four years ago the clerk's office stopped accepting inmate correspondence that had not been inspected for the presence of anthrax. The district clerk further advised she does not have relator's applications for a writ of habeas corpus. In his application for leave to file a writ of mandamus, relator attaches a copy of the applications for a writ of habeas corpus that he attempted to file.

We grant relator's motion for leave to file, and furthermore, we conditionally grant mandamus relief.

*Right to File Documents with the District Clerk*

■■■ An applicant for habeas corpus relief has a constitutional right to access to courts as well as a statutory right to file an application for writ of habeas corpus with the district clerk. TEX. CONST., art. I, § 12; TEX.CODE CRIM. PROC., art. 11.07, § 3(b). Furthermore, only the legislature has the right to suspend statutory laws. TEX. CONST., art. I, § 28.

*Mandamus Relief*

■■■ "Mandamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex.Crim.App. 2003). "Additionally, the relator must have a 'clear right to the relief sought,'

meaning that the merits of the relief sought are 'beyond dispute.'" *Id.* at 775 (citing *In re Rodriguez*, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002)). "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *Id.*

■■■ As previously discussed, the clerk has a duty to accept an application under Article 11.07. See Section 3(b). The duty is ministerial. Thus, the first requirement for mandamus relief is fulfilled. There is no provision for an appeal concerning the clerk's refusal to perform the ministerial duty to accept and file papers. "The inability to appeal leaves relator with no adequate remedy at law." *Winters*, 118 S.W.3d at 775. Therefore, Relator has met the second requirement for mandamus relief. All requirements for mandamus relief have been fulfilled.

*Conclusion*

Because all requirements for mandamus relief have been fulfilled, we conditionally grant relator's application for writ of mandamus and direct respondent to accept his application for writ of habeas corpus for filing. As is our custom, we will withhold issuance of the writ and accord the district clerk an opportunity to conform her actions to this order. *See State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 932 (Tex.Crim. App.1994). "Only if such action is not taken will the writ of mandamus issue." *Id.*