*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00640-CR

**IN RE** Edward **PRUITT**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Alma L. López, Chief Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed:   September 17, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On August 21, 2008, relator Edward Pruitt filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his Motion to Dismiss with Prejudice and Petition for Writ of Habeas Corpus Release Because of Delay. Relator has been appointed counsel to represent him in the trial court. We conclude that relator's appointed counsel in the trial court is also his counsel for an original proceeding on the issue presented.

To obtain mandamus relief in a criminal matter, the relator must establish: (1) the act sought to be compelled is ministerial rather than discretionary in nature, and (2) there is no adequate remedy

---

[1]This proceeding arises out of Cause No. 2008-CR-5795, styled *The State of Texas v. Edward Pruitt*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip Kazen presiding.

at law. *Deleon v. District Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006). Respondent has no ministerial duty to rule on relator's pro se motion because relator is represented by appointed counsel and is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Consequently, the respondent did not violate a ministerial duty by declining to rule on relator's motion. Therefore, this court has determined that relator is not entitled to the relief sought. Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is denied as moot.

PER CURIAM

DO NOT PUBLISH