

# NUMBER 13-08-00637-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE GILBERTO RODRIGUEZ

---

**On Petition for Writ of Mandamus.**

---

## MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Vela**
**Memorandum Opinion Per Curiam[1]**

On November 10, 2008, relator, Gilberto Rodriguez, pro se, filed a petition for writ

of mandamus seeking to compel the trial court to make available to him the criminal docket

sheet and judgment of conviction in the underlying cause.  We deny the petition for the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

reasons stated herein.[2]

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j).

---

[2] This Court has previously considered and denied two other petitions for writ of mandamus filed by relator. *See In re Rodriguez*, No. 13-08-00479-CR, 2008 Tex. App. LEXIS 6158 (Tex. App.–Corpus Christi Aug. 14, 2008) (orig. proceeding) (per curiam) (not designated for publication); *In re Rodriguez*, No. 13-08-00096-CR, 2008 Tex. App. LEXIS 2177 (Tex. App.–Corpus Christi Mar. 27, 2008) (orig. proceeding) (per curiam) (not designated for publication).

In the instant case, relator has failed to meet these requirements, and accordingly, has failed to provide this Court with a record sufficient to establish his right to mandamus relief. Moreover, relator has not shown that the act sought to be compelled is purely ministerial and that he lacks an adequate remedy at law. *Deleon*, 187 S.W.3d at 474; *see also In re Ledbetter*, No. 07-03-00389-CV, 2003 Tex. App. LEXIS 7824, at *2-3 (Tex. App.–Amarillo 2003, orig. proceeding) (discussing the relative duties of the trial court judge, the clerk of the district court, and the court reporter regarding access to the trial record).

Accordingly, relator's petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 20th day of November, 2008.

3