NUMBER 13-08-00637-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 

IN RE GILBERTO RODRIGUEZ


____________________________________________________________


On Petition for Writ of Mandamus.

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela 


Memorandum Opinion Per Curiam (1)


 

 On November 10, 2008, relator, Gilberto Rodriguez, pro se, filed a petition for writ
of mandamus seeking to compel the trial court to make available to him the criminal docket
sheet and judgment of conviction in the underlying cause. We deny the petition for the
reasons stated herein. (2)
 

 Mandamus relief may be granted if the relator shows that: (1) the act sought to be
compelled is purely ministerial; and (2) there is no adequate remedy at law. Deleon v. Dist.
Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must
have a "clear right" to the relief sought and the merits of the relief sought must be "beyond
dispute." See id. "The requirement of a clear legal right necessitates that the law plainly
describes the duty to be performed such that there is no room for the exercise of
discretion." See id. 

 It is the relator's burden to provide this Court with a sufficient petition and record to
establish his right to mandamus relief. See generally Tex. R. App. P. 52. Specifically, for
instance, the relator must file an appendix with the petition for writ of mandamus, and the
appendix must include, inter alia, a certified or sworn copy of any order complained of, or
any other document showing the matter complained of. See id. 52.3(k). The relator must
also file a record including a "certified or sworn copy of every document that is material to
the relator's claim for relief and that was filed in any underlying proceeding," and "a
properly authenticated transcript of any relevant testimony from any underlying proceeding,
including any exhibits offered in evidence, or a statement that no testimony was adduced
in connection with the matter complained." See id. 52.7(a). Further, relator must file a
certification with the petition for the petition for writ of mandamus stating that every factual
statement in the petition is supported by competent evidence included in the appendix or
record. See id. 52.3(j). 

 In the instant case, relator has failed to meet these requirements, and accordingly,
has failed to provide this Court with a record sufficient to establish his right to mandamus
relief. Moreover, relator has not shown that the act sought to be compelled is purely
ministerial and that he lacks an adequate remedy at law. Deleon, 187 S.W.3d at 474; see
also In re Ledbetter, No. 07-03-00389-CV, 2003 Tex. App. LEXIS 7824, at *2-3 (Tex.
App.-Amarillo 2003, orig. proceeding) (discussing the relative duties of the trial court judge,
the clerk of the district court, and the court reporter regarding access to the trial record).

 Accordingly, relator's petition for writ of mandamus is DENIED.




 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 20th day of November, 2008.

 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. This Court has previously considered and denied two other petitions for writ of mandamus filed by
relator. See In re Rodriguez, No. 13-08-00479-CR, 2008 Tex. App. LEXIS 6158 (Tex. App.-Corpus Christi
Aug. 14, 2008) (orig. proceeding) (per curiam) (not designated for publication); In re Rodriguez, No.
13-08-00096-CR, 2008 Tex. App. LEXIS 2177 (Tex. App.-Corpus Christi Mar. 27, 2008) (orig. proceeding)
(per curiam) (not designated for publication).