

## NUMBER 13-09-00069-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE WILLIAM E. SPAULDING, III

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, William E. Spaulding, III, pro se, filed a petition for writ of mandamus in the above cause on February 12, 2009, through which he seeks to compel the trial court to enforce the terms of a negotiated plea agreement with the State.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *Deleon v. Dist.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*Clerk,* 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* Tex. R. App. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). In the instant case, relator has failed to meet any of these requirements and has thus failed to provide this Court with a record sufficient to establish his right to mandamus relief.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought.

Accordingly, the petition for writ of mandamus is  DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 20th day of February, 2009.