NUMBER 13-09-00069-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE WILLIAM E. SPAULDING, III






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, William E. Spaulding, III, pro se, filed a petition for writ of mandamus in the
above cause on February 12, 2009, through which he seeks to compel the trial court to
enforce the terms of a negotiated plea agreement with the State. 

 Mandamus relief may be granted if the relator shows that: (1) the act sought to be
compelled is purely ministerial; and (2) there is no adequate remedy at law. Deleon v. Dist.
Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must
have a "clear right" to the relief sought and the merits of the relief sought must be "beyond
dispute." See id. "The requirement of a clear legal right necessitates that the law plainly
describes the duty to be performed such that there is no room for the exercise of
discretion." See id. 

 It is the relator's burden to provide this Court with a sufficient petition and record to
establish his right to mandamus relief. See generally Tex. R. App. P. 52. Specifically, for
instance, the relator must file an appendix with the petition for writ of mandamus, and the
appendix must include, inter alia, a certified or sworn copy of any order complained of, or
any other document showing the matter complained of. See id. 52.3(k). The relator must
also file a record including a "certified or sworn copy of every document that is material to
the relator's claim for relief and that was filed in any underlying proceeding," and "a
properly authenticated transcript of any relevant testimony from any underlying proceeding,
including any exhibits offered in evidence, or a statement that no testimony was adduced
in connection with the matter complained." See id. 52.7(a). Further, relator must file a
certification with the petition for the petition for writ of mandamus stating that every factual
statement in the petition is supported by competent evidence included in the appendix or
record. See id. 52.3(j). In the instant case, relator has failed to meet any of these
requirements and has thus failed to provide this Court with a record sufficient to establish
his right to mandamus relief. 

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought. 
Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App. P. 52.8(a). 



 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 20th day of February, 2009. 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).