NUMBER 13-09-00415-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE JOHN ALLEN RUBIO






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, John Allen Rubio, filed an application for writs of mandamus and/or
prohibition and an "Emergency Motion to Stay District Court Proceedings Pending
Mandamus Proceedings" in the above cause on July 15, 2009. That same day, the Court
requested that the real party in interest file a response to the petition for writs of mandamus
and/or prohibition, and ordered the "Emergency Motion to Stay" to be carried with the case. 
The Court has now received and reviewed the response to the petition for writs of
mandamus and/or prohibition filed by the real party in interest, the State of Texas, acting
by and through the Criminal District Attorney in and for Cameron County, Texas. 

 Mandamus relief may be granted if the relator shows that: (1) the act sought to be
compelled is purely ministerial; and (2) there is no adequate remedy at law. See Deleon
v. Dist. Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator
must have a "clear right" to the relief sought and the merits of the relief sought must be
"beyond dispute." See id. "The requirement of a clear legal right necessitates that the law
plainly describes the duty to be performed such that there is no room for the exercise of
discretion." Id. 

 The Court, having examined and fully considered the petition for writs of mandamus
and/or prohibition and the response thereto, is of the opinion that relator has not shown
himself entitled to the relief sought. Accordingly, the petition for writs of mandamus and/or
prohibition and the emergency motion to stay are DENIED. See Tex. R. App. P. 52.8(a).



 


 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 27th day of July, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).