NUMBER 13-08-00647-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: YOLANDA DE LEON






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, Yolanda De Leon, filed a petition for writ of mandamus in the above cause
through which she contends that the trial court erred in failing to disqualify the Cameron
County District Attorney and his office from prosecuting an indictment against her. The
Court requested and received a response from the real party in interest, the State of
Texas, acting by and through the Criminal District Attorney of Cameron County, Texas. 
As stated herein, we deny the petition for writ of mandamus.

 Mandamus relief may be granted if the relator shows that: (1) the act sought to be
compelled is purely ministerial; and (2) there is no adequate remedy at law. State ex rel.
Young v. Sixth Judicial Dist. Court of Appeals At Texarkana, 236 S.W.3d 207, 210 (Tex.
Crim. App. 2007) (orig. proceeding); Deleon v. Dist. Clerk, 187 S.W.3d 473, 474 (Tex.
Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief
sought and the merits of the relief sought must be "beyond dispute." Deleon, 187 S.W.3d
at 474. "The requirement of a clear legal right necessitates that the law plainly describes
the duty to be performed such that there is no room for the exercise of discretion." See id. 

Stated otherwise, relator must show that she has a clear right to the relief sought, as when
the facts and circumstances dictate but one rational decision under unequivocal, well-settled and clearly controlling legal principles. State ex rel. Young, 236 S.W.3d at 210. 

 Based on the petition and record provided, relator has not demonstrated that she
is entitled to mandamus relief. See Tex. R. App. P. 52.8. First, under the circumstances
of the present case, relator has not established that she lacks an adequate remedy by
appeal. Cf. In re Guerra, 235 S.W.3d 392, 421 (Tex. App.-Corpus Christi 2007, orig.
proceeding). In this regard, we note that appellate courts routinely review the denial of a
motion to disqualify the prosecution by appeal. See, e.g., Landers v. State, 256 S.W.3d
295, 298 (Tex. Crim. App. 2008); Zarychta v. State, 44 S.W.3d 155, 162 (Tex.
App.-Houston [14th Dist.] 2001, pet. ref'd). Second, relator has not shown that
"unequivocal, well-settled and clearly controlling legal principles" dictate that she has a
clear right to the relief sought under the facts and circumstances shown herein. State ex
rel. Young, 236 S.W.3d at 210. Third, and finally, without evidence and testimony, relator
has not met the burden of providing this Court with a record sufficient to establish her right
to mandamus relief based on the refusal to disqualify. See generally Tex. R. App. P. 52;
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). 

 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relator has not shown herself entitled to the
relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. See Tex.
R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is
effective until the case is finally decided."). The petition for writ of mandamus is DENIED. 
See id. 52.8(a). 


 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 6th day of August, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).