

# NUMBER 13-08-00647-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE: YOLANDA DE LEON

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Yolanda De Leon, filed a petition for writ of mandamus in the above cause through which she contends that the trial court erred in failing to disqualify the Cameron County District Attorney and his office from prosecuting an indictment against her. The Court requested and received a response from the real party in interest, the State of Texas, acting by and through the Criminal District Attorney of Cameron County, Texas. As stated herein, we deny the petition for writ of mandamus.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

compelled is purely ministerial; and (2) there is no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals At Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *Deleon*, 187 S.W.3d at 474. "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.* Stated otherwise, relator must show that she has a clear right to the relief sought, as when the facts and circumstances dictate but one rational decision under unequivocal, well-settled and clearly controlling legal principles. *State ex rel. Young*, 236 S.W.3d at 210.

Based on the petition and record provided, relator has not demonstrated that she is entitled to mandamus relief. *See* TEX. R. APP. P. 52.8. First, under the circumstances of the present case, relator has not established that she lacks an adequate remedy by appeal. *Cf. In re Guerra*, 235 S.W.3d 392, 421 (Tex. App.–Corpus Christi 2007, orig. proceeding). In this regard, we note that appellate courts routinely review the denial of a motion to disqualify the prosecution by appeal. *See, e.g., Landers v. State*, 256 S.W.3d 295, 298 (Tex. Crim. App. 2008); *Zarychta v. State*, 44 S.W.3d 155, 162 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). Second, relator has not shown that "unequivocal, well-settled and clearly controlling legal principles" dictate that she has a clear right to the relief sought under the facts and circumstances shown herein. *State ex rel. Young*, 236 S.W.3d at 210. Third, and finally, without evidence and testimony, relator has not met the burden of providing this Court with a record sufficient to establish her right to mandamus relief based on the refusal to disqualify. *See generally* TEX. R. APP. P. 52; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown herself entitled to the relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 6th day of August, 2009.