

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-09-00303-CR**

**IN RE MARTIN LEE TREADWAY**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

_____

Martin Lee Treadway, a Texas inmate, seeks a writ of mandamus compelling Respondent, the Honorable James E. Morgan[1] of the 220th District Court of Bosque County, to hold a hearing on his application for writ of habeas corpus, per article 11.01 of the Code of Criminal Procedure,[2] and "discharge [him] from his illegal confinement." We dismiss the petition for want of jurisdiction.[3]

---

[1]    Treadway also names the Honorable James F. Clawson, Jr. of the 169th Judicial District Court, who was assigned to hear Treadway's motion to recuse Judge Morgan. Judge Clawson denied Treadway's motion and Treadway does not challenge this ruling.

[2]    "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. ANN. art. 11.01 (Vernon 2005); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008) (guidelines for post-conviction habeas procedures in felony cases).

[3]    Treadway's application is defective because: (1) his certification does not comply with Rule of Appellate Procedure 52.3(j); (2) he failed to include proof of service as required by Rule of Appellate

In a criminal case, "[m]andamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." *Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006). Nevertheless, "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings." *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2008). The "courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to [post-conviction habeas] proceedings." *McAfee*, 53 S.W.3d at 718.

Because we lack authority to grant the relief requested, we dismiss Treadway's petition for mandamus for want of jurisdiction. *See McAfee*, 53 S.W.3d at 718.

FELIPE REYNA
Justice

Before Chief Justice Gray
     Justice Reyna, and
     Justice Davis
Writ dismissed
Opinion delivered and filed October 14, 2009
[OT06]

---

Procedure 9.5; and (3) he failed to include the required record pursuant to Rules of Appellate Procedure 52.3 and 52.7. *See* TEX. R. APP. P. 9.5; *see also* TEX. R. APP. P. 52.3(k)(1); TEX. R. APP. P. 52.7. Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies. *See* TEX. R. APP. P. 2.