NUMBER 13-09-628-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: ISAAC DUANE WHITE






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela 


Per Curiam Memorandum Opinion (1)



 Relator, Isaac Duane White, pro se, filed a petition for writ of mandamus in the
above cause on November 19, 2009, by which he requests this Court to compel the
respondent, presiding judge of the 377th District Court in Victoria, Texas, to hold a hearing
on his motion for DNA testing in trial court cause number 93-2-15. According to relator, the
requested testing is material and will establish his innocence. Relator has not provided this
Court with a copy of his motion. 

 Mandamus relief may be granted if the relator shows that: (1) the act sought to be
compelled is purely ministerial; and (2) there is no adequate remedy at law. (2) The relator
must have a "clear right" to the relief sought and the merits of the relief sought must be
"beyond dispute." (3) "The requirement of a clear legal right necessitates that the law plainly
describes the duty to be performed such that there is no room for the exercise of
discretion." (4) 

 To obtain DNA testing under chapter 64 of the code of criminal procedure, several
requirements must be met, including that: (1) "the evidence . . . still exists and is in a
condition making DNA testing possible"; (2) "identity was or is an issue in the case;" and
(3) "the convicted person establishes by a preponderance of the evidence that . . . the
person would not have been convicted if exculpatory results had been obtained through
DNA testing." (5) Nothing in article 64.03 requires a hearing of any sort concerning the trial
court's determination of whether a defendant is entitled to DNA testing. (6)

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought. 
Accordingly, the petition for writ of mandamus is DENIED. (7) 


 

 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).

Delivered and filed

the 24th day of November, 2009.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. See Deleon v. Dist. Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). 
3. See id.
4. See id. 
5. See Tex. Code Crim. Proc. Ann. art. 64.03 (a) (Vernon Supp. 2009).
6. See id.; Rivera v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002). 
7. See Tex. R. App. P. 52.8(a).