

NUMBER 13-10-00213-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE THE STATE OF TEXAS EX REL. STEPHEN B. TYLER, CRIMINAL DISTRICT ATTORNEY OF VICTORIA COUNTY, TEXAS

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, the State of Texas ex rel. Stephen B. Tyler, Criminal District Attorney of Victoria County, Texas, filed a petition for writ of mandamus in the above cause on April 12, 2010 seeking to vacate an order sealing records.[2]  The Court requested and received a response to the petition for writ of mandamus from the City of Victoria, the real party in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has previously raised the same issue in a previous original proceeding filed with this Court. *See In re the State of Tex. ex Rel. Stephen B. Tyler, Crim. Dist. Att'y of Victoria Cty., Tex.*, 13-09-00380-CR, 2009 Tex. App. LEXIS 5839, * 1-2 (Tex. App.–Corpus Christi July 29, 2009, orig. proceeding) (per curiam) (mem. op. not designated for publication).

interest.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *Id.* Mandamus may also issue to correct a void order. *See, e.g., State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 (Tex. Crim. App. 1985).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). Relator's pending "Motion to Consolidate with Pending Direct Appeal" is likewise DENIED.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of May, 2010.

2