NUMBER 13-10-00323-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE DAVID HERRERA BARRERA






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, David Herrera Barrera, pro se, filed a "Motion for Leave to File Petition for
Writ of Mandamus" and a petition for writ of mandamus in the above cause on June 9,
2010. (2)
 We dismiss relator's motion for leave to file the petition for writ of mandamus as
moot because the Texas Rules of Appellate Procedure no longer require the relator to file
a motion for leave to file an original proceeding. See generally Tex. R. App. P. 52 & cmt. 
We deny the petition for writ of mandamus as stated herein. 

 Mandamus relief may be granted if the relator shows that: (1) the act sought to be
compelled is purely ministerial; and (2) there is no adequate remedy at law. See Deleon
v. Dist. Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator
must have a "clear right" to the relief sought and the merits of the relief sought must be
"beyond dispute." See id. "The requirement of a clear legal right necessitates that the law
plainly describes the duty to be performed such that there is no room for the exercise of
discretion." See id. 

 It is the relator's burden to provide this Court with a sufficient petition and record to
establish his right to mandamus relief. See generally Tex. R. App. P. 52. Specifically, for
instance, the relator must file an appendix with the petition for writ of mandamus, and the
appendix must include, inter alia, a certified or sworn copy of any order complained of, or
any other document showing the matter complained of. See id. 52.3(k). The relator must
also file a record including a "certified or sworn copy of every document that is material to
the relator's claim for relief and that was filed in any underlying proceeding," and "a
properly authenticated transcript of any relevant testimony from any underlying proceeding,
including any exhibits offered in evidence, or a statement that no testimony was adduced
in connection with the matter complained." See id. 52.7(a). Further, relator must file a
certification with the petition for the petition for writ of mandamus stating that every factual
statement in the petition is supported by competent evidence included in the appendix or
record. See id. 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and
concise argument for the contentions made, with appropriate citations to authorities and
to the appendix or record." See id. 52.3(h).


 In the instant case, relator has failed to meet these requirements and has thus failed
to provide this Court with a petition and record sufficient to establish his right to mandamus
relief. Accordingly, the petition for writ of mandamus is DENIED. See id. 52.8(a). 



 PER CURIAM





Do not publish. See Tex. R. App. P. 47.2(b).


Delivered and filed the

14th day of June, 2010.

 


 

1. See Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any
other case."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. This Court previously affirmed relator's conviction for aggravated assault against a public servant. 
See Barrera v. State, No. 13-09-00221-CR, 2010 Tex. App. LEXIS 2957, at *2 (Tex. App.-Corpus Christi Apr.
22, 2010, no pet.) (mem. op., not designated for publication).