

# NUMBER 13-10-00336-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE: TIMOTHY PAUL MARTIN

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Timothy Paul Martin, pro se, filed a petition for writ of mandamus in the above cause on June 21, 2010, seeking, inter alia, to compel the State to: "allow" relator to file an application for writ of habeas corpus, hold an evidentiary hearing, "compel all of the evidence including parole board records that show when petitioner's parole was denied and on what grounds," and "quash the process at issue." We deny the petition for writ of mandamus.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] In addition to the petition for writ of mandamus, relator also filed a "Motion to Proceed in Forma Pauperis" and a "Motion for Leave of Court to File Petition for Writ of Mandamus." We GRANT relator's motion to proceed in forma pauperis and we dismiss relator's motion for leave to file the petition for writ of

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed

---

mandamus as moot: the Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

2

to provide this Court with a petition and record sufficient to establish his right to mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2010.