

NUMBER 13-10-00568-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MARCO ANTONIO BARRIENTOS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Marco Antonio Barrientos, filed a petition for writ of mandamus in the above cause through which he contends that the trial court erred in failing to disqualify the Cameron County District Attorney and his office from prosecuting an indictment against him. The Court requested and received a response from the real party in interest, the State of Texas, acting by and through the Criminal District Attorney of Cameron County, Texas. As stated herein, we deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals At Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *Deleon*, 187 S.W.3d at 474. "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.* Stated otherwise, relator must show that she has a clear right to the relief sought, as when the facts and circumstances dictate but one rational decision under unequivocal, well-settled and clearly controlling legal principles. *State ex rel. Young*, 236 S.W.3d at 210.

Based on the petition and record provided, relator has not demonstrated that he is entitled to mandamus relief. *See* Tex. R. App. P. 52.8. First, under the circumstances of the present case, relator has not established that he lacks an adequate remedy by appeal. *Cf. In re Guerra*, 235 S.W.3d 392, 421 (Tex. App.–Corpus Christi 2007, orig. proceeding). In this regard, we note that appellate courts routinely review the denial of a motion to disqualify the prosecution by appeal. *See, e.g., Landers v. State*, 256 S.W.3d 295, 298 (Tex. Crim. App. 2008); *Gonzalez v. State*, 115 S.W.2d 278, 286 (Tex. App.–Corpus Christi 2003, pet. ref'd); *Zarychta v. State*, 44 S.W.3d 155, 162 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). Second, relator has not shown that "unequivocal, well-settled and clearly controlling legal principles" dictate that he has a clear right to the relief sought under the facts and circumstances shown in this proceeding. *State ex rel. Young*, 236 S.W.3d at 210.

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown herself entitled to the relief sought.  Accordingly, the petition for writ of mandamus is DENIED.  *See id.* 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of October, 2010.