84,050-01

CAUSE NO.C-3-010482-1247332-A

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

BOBBY HUCKABY,Relator

v.

THE HONORABLE BRIAN WILLET,THE TARRANT

COUNTY,DISTRICT CLERK,THOMAS J.WILDER,Respondents

---

IN THE CRIMINAL DISTRICT COURT NO.3 OF

TARRANT COUNTY,TEXAS

---

PETITION FOR WRIT OF MANDAMUS

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

RESPECTFULLY SUBMITTED:

BOBBY HUCKABY

TDCJ-CID#1777084

COFFIELD UNIT

2661 FM 2054

TENNESSEE COLONY,TEXAS 75884

CAUSE NO.C-3-010482-1247332-A

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

BOBBY HUCKABY,Relator

v.

THE HONORABLE BRIAN WILLET,

THE TARRANT COUNTY,DISTRICT CLERK

THOMAS J.WILDER,Respondents

---

IN THE CRIMINAL DISTRICT COURT NO.3 OF

TARRANT COUNTY,TEXAS

---

PETITION FOR WRIT OF MANDAMUS

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES,BOBBY HUCKABY,and files this PETITION FOR MANDAMUS,requesting this Court to issue a mandamus ordering the Criminal District Court No.3 of Tarrant County,Texas and the Tarrant County District Clerk,("hereinafter Respondents"),to enter its findings of fact and conclusions of law and to forward my writ of habeas corpus,in the above numbered cause,to the Court of Criminal Appeals of Texas,as is required by Article 11.07,Texas Code of Criminal Procedure("T.C.C.P.")and Article 1,Section 12 of the Texas Constitution.

I.

JURISDICTION

On March 27,2012,Relator was convicted for the offense of aggravated assault with a deadly weapon,whereby he entered an involuntary plea of guilty and he also pleaded true to the habitual offender notice on that same day of March 27,2012,in cause number 1247332D.The trial court sentenced the Relator to twenty-seven years in TDCJ-CID.

Although the Relator did not appeal his conviction,he did file an Article 11.07,under the T.C.C.P.,which the State's Response to the Relator's Application for writ of habeas corpus,filed with the Tarrant County,District Clerk's office,on June 3,2015.See attached Relator's Appendix.

II.

FACTS OF THE CASE

Relator complains that his State Writ of Habeas Corpus should have been forwarded to the Court of Criminal Appeals with findings of facts,whereby the trial court designated an issue that required an expansion of the record and the

2.

trial court ordered an affidavit from the Honorable Brian Willet("trial counsel"),to address the Relator's allegations,that he received ineffective assistance from the trial counsel.The Relator's habeas corpus clearly demonstrates that the Relator's trial counsel did in fact file his court ordered affidavit on August 4,2015,but as of October 3,2015,date of this writ of mandamus,the Relator's habeas corpus has still not been sent to the Court of Criminal Appeals,despite the Relator's repeated requests for the Respondent's to do so.(See attached Appendix,in relevant part to his due diligence.)

III.

GROUNDS FOR RELIEF

**RELATOR'S ONLY GROUND FOR RELIEF:**THE Presiding Judge,CRIMINAL MAGISTRATE,CHARLES P.REYNOLDS,of Tarrant County,Texas and the District Clerk of Tarrant County,Texas,Thomas A.Wilder,("Respondents")have and are presently violating the Relator's constitutional right to access to the court,as well as violating his statutory right to file an application for writ of habeas corpus,in violation of Article 11.07 § 3,of the T.C.C.P.and the Fourteenth Amendment of the United States Constitution.

Relator,specifically contends that the Respondents of the Tarrant County,Texas,Criminal District Court No.3 and the Tarrant County,Texas District Clerks office are denying him of his constutional right to access to courts,by failing to appoint someone to make a findings of fact,approve it,and have the clerk transmit it to the Court of Criminal Appeals,in response to the Relator's State writ of habeas corpus in violation of his due process,and therefore,neglecting to perform its complete ministerial duties and is disregarding due course of law.

Because the convicting court did designate issues that needed to be resolved and since the convicting court ordered an affidavit from the trial counsel and since the record demonstrates that the court ordered affidavit has been added to the Relator's habeas corpus record,therefore pursuant to Article 11.07,§ 3 (d)of the T.C.C.P.Also,the Relator contends that there is no provision for him to appeal the Respondent's failure to perform its duties according to 11.07,§ 3(d),wherein it provides in relevant part:...'after the convicting court makes findings of fact or approves the findings of the person designated to make them,the clerk of the convicting court shall immediately transmit to the Court of Criminal Appeals,under one cover,the application,any answers filed, any motions filed,transcripts of all depositions and hearings,any affidavits, and any other matters such as official records used by the court in resolving issues of fact.'

Therefore,based on the aforementioned,the Relator's case is now before the Court of Criminal Appeals,in accordance with Art.11.07 § 3(d),and since there

3.

is no provision for him to appeal the Respondent's failure to make findings of fact,failure to transmit and/or failure to perform its ministerial duties in this context,thus the Relator's inability to appeal leaves the Relator with no other adequate remedy at law except the filing of this mandamus.Deleon v.District Clerk,187 S.W.3d 473(Tex.Crim.App. and Exparte Ybarra,149 S.W.3d 147Tex.App.2004).

Moreover,this Court of Criminal Appeals has held that mandamus relief may be granted if the relator shows:(1)that the act sought to be compelled is purely ministerial,and(2)that there is no adequate remedy at law.Winters v.Presiding Judge,118 S.W.3d 773,775(Tex.Crim.App.2003),Ex Parte Ybarra,149 S.W.147Tex Crim.App.2004),and Deleon v.District Clerk,187 S.W.3d 473,474(Tex. App.2006).

In the instant case,the Relator has shown that:(1)the Respondent of the trial court has a ministerial duty of law to appoint someone to make a finding of facvt and/or approve the findings of fact(or deny it)of the person he designates to make them and then the Respondent of the Tarrant County,Texas District Clerk's office should perform the ministerail duty to transmit the findings of fact,in response to Relator's state writ,immediately to the Court of Criminal Appeals,under one cover,the application,any answers filed by the State and the affidavit filed by the Relator's trial counsel.These aforementioned ministerial duties,that are material to the legality of the Relator's continued confinement under Article 11.07,and despite numerous attempts to inquire from the Tarrant County Texas District Clerk,District Attorney's,and/or from the clerk of the Court of Criminal Appeals,all via letters and the attached Appendix to this mandamus trying to diligently notify the Relator as to why his habeas corpus proceeding is being delayed.

Thus,Relator has met all requirements for mandamus relief,he respectfully requests that this this Court of Criminal Appeals grants his mandamus and/or direct the Respondents to appoint someone to make a findings of fact,approve it and or order the Tarrant County,Texas District Clerk to transmit his writ to the Court of Criminal Appeals of Texas.(See attached Appendixes.

PRAYER

WHEHEREFORE,PREMISES CONSIDERED,Relator respectfully prays that the Honorable Court of Criminal Apppeals grants this foregoing writ of mandamus and thereafter direct the Respondents make its findings and transmit his habeas corpus to this Court of Criminal Appeals.

Respectfully ,Submitted,

_Bobby Huckaby_ 10/13/2015

BOBBY HUCKABY #1771084

4.

## VERIFICATION

"My name is Bobby Huckaby #1777084,and I am filing this mandamus and I have read the writ of mandamus and I verify,under penalty of perjury that every statement is within my personal knowledge,is true and correct.

*Bobby Huckaby* 10/13/2015
BOBBY HUCKABY#1777084,and

Coffield Unit

2661 FM 2054

Tennessee Colony,Texas 75884

## CERTIFICATE OF SERVICE

This is to certify that on October 7,2015,a true and correct copy of this foregoing document was sent U.S.prepaid mail to the Clerk of the Court of Criminal Appeals at P.O.Box 12308,Capitol Station,Austin,Texas 78711.
EXECUTED ON THIS 7th day of October,2015.

*Bobby Huckaby* 10/13/2015
BOBBY HUCKABY#1777084

Coffield Unit

2661 FM 2054

Tennessee Colony,Texas 75884

5.

APPENDIX

APPENDIX

APPENDIX

APPENDIX

APPENDIX

APPENDIX

APPENDIX

Mr. Bobby Huckaby, Applicant
TDCJ# 1777084-Coffield
2661 FM 2054
Tennessee Colony, TX 75884

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG 31 2015

TIME_____
BY_____ DEPUTY

HONORABLE THOMAS WILDER
Tarrant County District Clerk
401 W. Belknap
Fort Worth, Texas 76196-0402

RE: EX PARTE BOBBY HUCKABY / Writ No. C-3-010482 - 1247332-A

Tuesday, August 11th, 2015

HONORABLE THOMAS WILDER:

Dear Mr. Wilder,

enclosed, please find two (2) sets of my APPLICANT'S STATED OBJECTIONS TO DELAYS ON WRIT, to be filed under the above-listed Writ number.

Please submit one (1) set to the Trial Court; and, keep one (1) set for your records in the District Clerk's Office.

By copies of the above, I am notifying the following parties which are listed on Page 4 herein:

1). Asst. District Attorney John E. Meskunas (State's Attorney);

2). Attorney Brian J. Willet (2012 Trial/Defense Attorney); and,

3). The Honorable Abel Acosta, Clerk, Tx. Court of Crim. Appeals, at Austin, Texas.

Thank you very much for your public services and professional assistance in the above matter.  Sincerely yours

*Bobby Huckaby*
MR. BOBBY HUCKABY, Pro-se
Applicant/ TDCJ# 1777084
2661 FM 2054-Coffield Unit
Tennessee Colony, TX 75884

ENCLOSURES: 2 sets

BH/lg      (CC: Files)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG 31 2015

TIME

BY

DEPUTY

EX PARTE                    §        IN THE CRIMINAL DISTRICT

BOBBY HUCKABY              §        COURT NUMBER 3 OF
    (Applicant)            §
                           §        TARRANT COUNTY, TEXAS, Ft. Worth


"[§11.07  TX.C.C.P.]APPLICANT'S STATED OBJECTIONS TO DELAYS ON WRIT"

TO THE HONORABLE JUDGE OF SAID COURTS:

COMES NOW THE APPLICANT, BOBBY HUCKABY, Pro-se, by and through himself, and makes this his "APPLICANT'S STATED OBJECTIONS TO DELAYS" in the procedural time limits of his Tx.C.C.P. Art. §11.07 et seq Writ of Habeas Corpus, which was filed over 35-days ago. Applicant will show the convicting Court and the Texas Court of Criminal Appeals (at Austin, Texas) the following facts and objections, to wit:

I.

### THE 27-YEAR PLEA BARGAIN WAS VOID DUE TO MHMR ISSUES ; FOR IMPROPER ADMONISHMENTS; AND, FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Applicant has challenged the fact that there are controverted, previously unresolved facts material to the legality of the Applicant's indictment, conviction, and confinement in Cause No. 12477332D. Applicant asserts there are also collateral consequences (TDCJ-ID's Healthcare/MHMR system is impacted due to overcrowded conditions, and thus is unable to render proper MHMR treatments equal to a State Mental Hospital(s) similar to Applicant's past commitments) which renders the Applicant's guilty plea involuntarily and unwillingly and unknowingly entered into. Applicant was coerced to plea guilty.

Applicant objects that he has experienced several intentional delays in this State Habeas Corpus Proceeding, violating Procedural Time Limitations (see §11.07 Sec. 3(b),(c),and (d) ) totalling 35-

-1-

days for the State Prosecutor and the Trial Court to process the writ so it may issue by operation of law. Thereafter, when the 35-days has elapsed, the Trial Court must transmit the habeas corpus transcript to Texas Court of Criminal Appeals for a final ruling.

## A.
### OBJECTION NUMBER ONE:

Applicant did not WAIVER the 35-day procedural time limit, yet the State's Attorney sought an unauthorized extension in the form of a DESIGNATION as reflected in the State's Response To Application For Writ Of Habeas Corpus (5 pages) and attached MEMORANDUM and ORDER (2 pages) that Applicant received on or about June 27th, 2015. The State's Attorney moved the Court to DENY APPLICANT'S PERSONAL APPEARANCE AND PARTICIPATION at the proposed Evidentiary Hearing, thereby abridging his habeas corpus rights and privileges. The Applicant is proceeding in Pro-se and has no attorney to answer for him at any purported Evidentiary Hearing that may be conducted. The Applicant's established MHMR status, in addition to no appointed habeas corpus attorney for adequate representation, violates the accepted guarantees of Due Process and Equal Protections inherent in the Texas Constitution at Article I, §§ 10 and 19 of the Bill of Rights. Applicant objects and takes exception to these violations.

## B.
### OBJECTION NUMBER TWO:

Applicant objects that has not been served with a copy of his Trial Attorney's habeas corpus-response Affidavit, within the stated time limit of August 3rd, 2015 (see Page 2 of STATE'S RESPONSE, supra; and, Pages 1-2 of attached ORDER). Attorney Brian Willet's ORDERED 08/03/15 AFFIDAVIT has not been served upon the Applicant as of this date of 08/11/2015.

-2-

## C.

### OBJECTION NUMBER THREE

Finally, Applicant objects that these unnecessary delays are perverting the Interests of Justice in that said delays are prejudicing and violating the Applicant's State Procedural and State Constitutional rights, as well as his Federal Constitutional rights. Applicant's indictment, representation, and illicit plea bargain negotiations were fundamentally defective, and the Trial Records and the AGREED PLEA HEARING OF MARCH 27th, 2012 ("S.O.F.'s") verify and supports his meritorious allegations in this State Habeas Corpus Writ Proceeding.

### CONCLUSION AND PRAYER

Applicant prays this Honorable Court and the Texas Court of Criminal Appeals will recognize the deceptive tactics employed by the State's Attorney and the Applicant's former Trial Attorney, the Honorable Brian Willet, to delay these proceedings. Harm has attached, and the prohibition against the Applicant's participation in the requested EVIDENTIARY HEARING (see Page 2 of State's Response) denies the Applicant compulsory process of the law (Art.I, §10, Texas Constitution's Bill of Rights of 1876; Tx.C.C.P. Art. 11.07). This shows preferential treatment to the State which transgresses the fairness doctrines of the American Adversary protocols. Applicant prays for general relief from the Texas Judiciary system.

SUBMITTED ON THIS 11th DAY OF AUGUST, 2015 by Applicant. Respectfully:

_Bobby Huckaby_

MR. BOBBY HUCKABY, Applicant
TDCJ# 1777084-Coffield Prison Unit
2661 FM 2054/Tenn. Colony, TX 75884

-3-

## THE APPLICANT'S CERTIFICATE OF SERVICE

### (* See footnote below)

A true copy of the above and foregoing 3-paged written inst-RUMENT (OBJECTIONS) has been posted, via U.S. Mail Depository Box, to the following parties:

1). Tarrant County District Clerk's Office/ Hon. Thomas Wilder, 401 W. Belknap, Fort Worth, Texas 76196-0402, for filing.

2). Assistant District Attorney JOHN E. MESKUNAS, Tarrant Co. District Attorney's Office, 401 Belknap, Ft. Woth, Tx. 76196.

3). Honorable Abel Acosta, Clerk, Texas Court of Criminal Appeals, P.O. Box 12308-Capitol Station, Austin, Tx 78711 (512)463-1551.

4). Defense Attorney Brian J. Willet, P.C., 1901 Central Dr., #610, Ft. Worth, Texas 76196 (817) 267-1009.

_Bobby Huckaby_
APPLICANT BOBBY HUCKABY
(Certifier herein)


*[ __PLEASE NOTE:__   as a confined prisoner in the TDCJ-ID, Applicant has no access to a photocopier's services; thus, this written intrument must be forwarded to the Applicant's family for photocopies and posting to the above-listed four (4) parties. Such may incur another week delay for service on the parties.].

_Bobby Huckaby_
BOBBY HUCKABY, Pro-se