

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-111-CR

DAMIEN DEMARQUIS HUCKABY                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In two points, Appellant Damien Demarquis Huckaby appeals the trial court's

denial of his post-conviction motion for forensic DNA testing. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

On July 13, 2001, a jury found Huckaby guilty of aggravated kidnapping and assessed his punishment at life imprisonment.[2] The trial court sentenced him accordingly. Huckaby appealed to this court, and we affirmed his conviction on May 29, 2003. *See Huckaby v. State*, No. 02-01-00301-CR, 2003 WL 21235588, at *12 (Tex. App.—Fort Worth May 29, 2003, pet. ref'd) (not designated for publication).

In October of 2008, Huckaby filed with the trial court a motion for forensic DNA testing that is the subject of this appeal. Huckaby requested that two pieces of fabric from a couch in Sergeant Parker's apartment and two pieces of a sweater found in Huckaby's trunk be retested. Previous DNA testing of these items revealed that DNA found on the couch and the sweater matched that of Huckaby and Sergeant Parker. After the State requested and received notice from the Southwestern Institute of Forensic Sciences (SWIFS) in Dallas that the evidence at issue still existed and was available for testing, the State filed a response to Huckaby's motion, urging the trial court to deny it. Without holding a hearing, the trial court denied Huckaby's motion on March 26, 2009. Huckaby perfected this appeal.

---

[2] Evidence at Huckaby's trial showed that he and several other individuals attacked Sergeant Elihue Parker at Sergeant Parker's apartment, tied him up with green ribbon, put him in the trunk of Huckaby's car, and drove him to East Texas. Sergeant Parker's tied-up body was found in a river in East Texas; autopsy results showed that he had died of a gunshot wound to the chest.

### III. DNA TESTING UNDER CHAPTER 64

A convicted person who moves for post-conviction DNA testing bears the burden of satisfying the requirements of chapter 64 of the code of criminal procedure. *See Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006). Under chapter 64, a convicted person may request post-conviction DNA testing of evidence that was previously subjected to DNA testing if that previously-tested evidence "can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." Tex. Code Crim. Proc. Ann. art. 64.01(b)(2) (Vernon Supp. 2009).

If the evidence meets the criteria of article 64.01, then a court must order DNA testing, but only if the appellant also satisfies other statutory predicates, including a showing by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See id.* art. 64.03(a)(2)(A) (Vernon Supp. 2009); *Leal v. State*, 303 S.W.3d 292, 295 (Tex. Crim. App. 2009). An appellant must also show that identity was or is at issue in the case. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B); *Wilson*, 185 S.W.3d at 484.

When, as here, the trial court denies a motion for post-conviction DNA testing without conducting a hearing, we review the ruling de novo. *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

## IV. HEARING ON MOTION FOR DNA TESTING NOT REQUIRED

Huckaby argues in his first point that the trial court erred by denying an evidentiary hearing on his motion for DNA testing because contested fact issues exist regarding the manner in which the evidence at issue was discovered and delivered to and picked up from SWIFS.

But "[n]othing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." *Rivera v. State*, 89 S.W.3d 55, 58–59 (Tex. Crim. App. 2002); *see also Jones v. State*, 161 S.W.3d 685, 689 (Tex. App.—Fort Worth 2005, pet. ref'd) (noting that trial court is not required to hold hearing when ruling on motion for DNA testing, although court shall hold hearing when examining the results of testing).[3]  Consequently, we hold that the trial court did not err by not conducting a hearing on Huckaby's motion for forensic DNA testing before denying the motion, and we overrule Huckaby's first point.

## V. DENIAL OF MOTION FOR DNA TESTING NOT ERRONEOUS

Huckaby argues in his second point that the trial court erred by denying his motion for DNA testing.  He argues that he has established that identity was at issue in his case because he claims that no physical evidence connected him to the kidnapping and because he "vigorously denied that he participated in the

---

[3] Although Huckaby urges us to alter this requirement so that hearings are required before a trial court may deny a request for forensic DNA testing, such an alteration of the statute is a matter for the legislature, not for this court.

4

kidnapping."  He also argues that he has established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing of the sweater and couch samples.

Article 64.03(a)(2)(A) requires a convicted person to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A).  The court of criminal appeals has interpreted this phrase to mean a "greater than 50% chance that he would not have been convicted if DNA testing provided exculpatory results."  *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App.), *cert. denied*, 129 S. Ct. 54 (2008). "'[I]f DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of Art. 64.03(a)(2)(A) has not been met.'"  *Leal*, 303 S.W.3d at 296 (quoting *Prible*, 245 S.W.3d at 470).  "[A] movant does not satisfy his burden under Article 64.03 if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing."  *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010); *see Wilson*, 185 S.W.3d at 485–86.

Here, in determining whether Huckaby has satisfied article 64.03(a)(2)(A), the question is whether Huckaby has established a "greater than 50% chance" that he would not have been convicted of kidnapping if results of further DNA testing of the sweater found in the trunk of his car and of the couch samples taken from Sergeant Parker's apartment showed that DNA on those items did not belong to him.  *Prible*,

5

245 S.W.3d at 470.  Huckaby has failed to meet that burden given the inculpatory evidence admitted at trial.  *See id.* (stating that even if DNA testing showed the presence of another person's DNA, defendant failed to prove by a preponderance of the evidence that he would not have been convicted given the evidence presented at trial); *Hood v. State*, 158 S.W.3d 480, 483 (Tex. Crim. App.) (holding that, given other inculpatory evidence at trial, "[e]ven if DNA tests revealed blood of another individual at the crime scene . . . that evidence would at most establish that Hood acted with someone else in committing the crime"), *cert. denied*, 545 U.S. 1146 (2005).

At trial, one of Huckaby's co-conspirators testified about the details of the kidnapping, including how Huckaby had made suggestions about how they should go about kidnapping and murdering Sergeant Parker.  Other evidence at trial demonstrated that Huckaby was seen arguing with Sergeant Parker a few days before the kidnapping; during the argument, Huckaby told Sergeant Parker, "Playing all of these kiddie games and stuff with each other, sneaking around.  If we were back in the 'hood, I would have done capped your ass."  Acquaintances of Huckaby's testified that they had seen him and his co-conspirators on the day of Sergeant Parker's kidnapping and that they were in Huckaby's car.  A search of the trunk of Huckaby's car revealed not just the sweater Huckaby seeks new DNA testing on but also a piece of green ribbon similar to the one used to tie up Sergeant Parker and

a piece of weather stripping that tested positive for blood matching Sergeant Parker's DNA profile.

Moreover, because the evidence at trial demonstrated that several other individuals committed the kidnapping with Huckaby, evidence that Huckaby was not the donor of the DNA on the sweater and couch samples would not exculpate Huckaby.  *See Prible*, 245 S.W.3d at 470; *Hood*, 158 S.W.3d at 481–83; *Jacobs v. State*, 115 S.W.3d 108, 113 (Tex. App.—Texarkana 2003, pet. ref'd) (holding DNA testing of hair in tractor truck would "'merely muddy the waters' by demonstrating that a third party had, at some point in time . . . been inside . . . the tractor truck"); *see also Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (considering appellant's due process claim and reasoning that, without more, the presence of another person's DNA at the crime scene will not constitute affirmative evidence of appellant's innocence).  In other words, if the sweater and couch samples were retested and the results showed DNA not belonging to Huckaby, this would only establish that someone else, such as one of the other co-conspirators, had been in contact with the sweater and with Sergeant Parker's couch; it would not, however, establish Huckaby's innocence by a preponderance of the evidence.  *See Prible*, 245 S.W.3d at 470; *see also Willis v. State*, No. 02-06-00091-CR, 2008 WL 2780666, at *3 (Tex. App.—Fort Worth July 17, 2008, pet. ref'd) (mem. op., not designated for publication) (op. on remand) (holding that DNA results excluding appellant as donor "would *not* establish his innocence because the donor of the

7

material is not necessarily the person—or "lone attacker"—ultimately responsible for [the murder]").

We hold that Huckaby has failed to show by a preponderance of the evidence that he would not have been convicted if further DNA testing of the sweater and couch samples at issue showed that they did not contain DNA matching his and Sergeant Parker's or contained additional persons' DNA. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). Consequently, we hold that the trial court did not err by denying Huckaby's post-conviction motion for DNA testing, and we overrule Huckaby's second point.

## VI. CONCLUSION

Having overruled Huckaby's two points, we affirm the trial court's order.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 27, 2010

8