JONES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-145-CR

L.G. JONES III A/K/A APPELLANT

LARRY JONES III 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant L.G. Jones III a/k/a Larry Jones III appeals from the trial court’s order of his post conviction DNA testing.  We affirm.

Factual and Procedural Background

On November 5, 1999, a jury convicted Appellant of attempted murder and sentenced him to twenty-seven years’ imprisonment.  This court affirmed Appellant’s conviction on April 12, 2001.
(footnote: 1)  On January 18, 2002, Appellant pro se filed a request for appointment of counsel to pursue his request for forensic  DNA testing.  On October 1, 2002, Appellant filed a motion for forensic DNA testing and specifically requested DNA testing on a shirt and knife admitted into evidence during his trial.  Pursuant to article 64.03 of the code of criminal procedure, the trial court ordered the items to be tested by the Department of Public Safety Crime Laboratory (DPS).  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.03 (Vernon Supp. 2004-05).

DPS sent the trial court a report of its results on February 18, 2003, which concluded that the source of the DNA profile recovered from the shirt could not be excluded as the contributor to the stain from the knife.
(footnote: 2)  After examining the forensic DNA test results, the trial court made its ruling ex parte, without a live hearing, and found that the results were not favorable to Appellant.

Issues on Appeal

In four issues, Appellant asserts that the trial court erred by 1) not ordering all the evidence to undergo DNA testing, 2) issuing an ex parte order without a hearing, 3) issuing an order without qualifying the testing expert, and 4) not allowing Appellant an opportunity to have his own appointed expert review the testing.

Items Not Tested for DNA

In his first issue, Appellant argues that the trial court erred by not ordering other items of evidence be tested for DNA.  Specifically, another shirt, ball cap, shoes, jeans, and a jacket.  Article 64.01 provides that “[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.”  
Tex. Code Crim. Proc. Ann
. art. 64.01; 
Dinkins v. State
, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).  To meet the requirements of article 64.01, an appellant must clearly state, at a minimum, what evidence he wants tested.  
Dinkins
, 84 S.W.3d at 642. 

Here, Appellant’s motion stated: 

Certain evidence, a shirt and a knife, were secured in relation to the offense of conviction and were in the possession of the state during the trial of the offense but were not subjected to DNA testing.  The relevant items were not previously subjected to DNA testing because DNA testing was not technologically capable of providing probative results or, through no fault of the defendant, for reasons that are of a nature such that the interests of justice require DNA testing.

Appellant submitted his affidavit in support of his motion, stating:

[T]hat there exists evidence in this case in the form of blood samples that were recovered from the shirt of the alleged victim and the knife which was allegedly used in the offense and that under appropriate DNA testing will exonerate me or, at least produce material, exculpatory information which if presented to the jury would have resulted in my acquittal.

Appellant argues in his brief that he emphasizes these two items to be tested but does not limit his request to only the shirt and the knife.  We disagree.  In both Appellant’s motion and affidavit, he makes it clear that the evidence that he wants to have tested is the shirt and the knife.  Because Appellant did not specify other items of evidence that he wanted tested for DNA and did not provide statements of fact in support of these claims, the trial court was not obligated to order testing beyond that requested by Appellant.  
See Dinkins
, 84 S.W.3d at 642.  Accordingly, we overrule Appellant’s first issue.

Hearing on the Non-Favorable Finding

In his second issue, Appellant contends that the trial court erred by issuing an ex parte order on the DNA test results without a hearing.  He specifically complains that he was not allowed to object to the trial court’s finding in open court in an adversarial proceeding.
(footnote: 3)  The State contends that the trial court properly entered its non-favorable finding regarding Appellant’s forensic DNA test results and that the lack of a live hearing did not affect his substantial rights.

Article 64.04 provides:  “After examining the results of testing under Article 64.03, the convicting court 
shall
 hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.”  
Tex. Code Crim. Proc. Ann
. art. 64.04 (emphasis added).

The State contends the statute does not specifically require a live hearing and furthermore, that case law supports its argument that Appellant had no right to testify or even be present at a hearing under chapter 64.  
See Booker v. State
, No. 05-03-00708-CR, 2004 WL 334867, at *5 (Tex. App.—Dallas Feb. 24, 2004, no pet.); 
see also Ex parte Mines
, 26 S.W.3d 910, 914-15 (Tex. Crim. App. 2000) (holding applicant for post-conviction writ of habeas corpus does not have constitutional right to be present at a hearing), 
cert. denied
, 532 U.S. 908 (2001); 
Cravin v. State
, 95 S.W.3d 506, 510 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  However, the cases relied on by the State are distinguishable from the present case.

The 
Booker
 case cited by the State also involved post-conviction DNA test results, but the distinguishing difference from the present case is that in 
Booker
 “the trial court conducted a hearing pursuant to article 64.04 of the code of criminal procedure,” while in this case no hearing was held. 
Booker
, 2004 WL 334867, at *1.  Furthermore, both Booker and his counsel were present at the hearing.  
Id
. at *5.   The State argues that 
Booker
 stands for the proposition that a convicted person has no right to be present or to testify at a post-conviction hearing such as a hearing conducted pursuant to chapter 64.  
Id
.  However, because no hearing was held we need not address whether Appellant had a right to be present or to testify at such hearing. The holding in 
Booker
 is based on the presumption that a hearing was conducted. 
 Id
.; 
Tex. Code Crim. Proc. Ann
. art. 64.01(c); 
see
 
Brewer v. State
, 05-02-00136-CR, 2002 WL 31445286, at *3-4 (Tex. App.—Dallas Nov. 4, 2002, no pet.) (not designated for publication) (holding appellant was entitled to be represented by counsel at 64.04 hearing, although unnecessary for the trial court to conduct an extensive hearing).

Moreover, this case is distinguishable from the other two cases cited by the State.  The 
Cravin
 case also involved post-conviction DNA testing; however, that case involved Appellant’s motion requesting that the convicting court order various pieces of evidence tested.  
Cravin
, 95 S.W.3d at 507.  This case involves a post-conviction hearing on the DNA test results.  The 
Cravin
 case and the case at hand are governed by different statutory provisions.  
See
 
Tex. Code Crim. Proc. Ann
. arts. 64.03, 64.04.  Additionally, the statutory language of article 64.03 does not require the trial court to hold a hearing when ruling on a motion to order forensic DNA testing, whereas the statutory language of 64.04 provides that “the convicting court shall hold a hearing” when examining the results of testing under article 64.03.  Furthermore, the Texas Court of Criminal Appeals has examined the language in both statutes and drawn a distinction between articles 64.03 and 64.04.  
See Rivera v. State
, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002) (holding that under article 64.03 no hearing is required unlike article 64.04).

Finally, the 
Mines
 case involved a writ of habeas corpus, not post-conviction DNA testing.  
Mines
, 26 S.W.3d at 911.  The State relies on 
Cravin
 because it cites 
Mines
 and equates the rights of an applicant for a post-conviction writ of habeas corpus with the rights of an applicant for a post-conviction DNA proceeding.  However, as we have previously stated, whether a convicted person has the right to be present at either proceeding assumes that there exists a proceeding, at all, at which to be present.  We find the State’s reliance on 
Mines
 to be misplaced.  Accordingly, we hold that the trial court erred by not conducting a hearing pursuant to article 64.04 of the code of criminal procedure.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  Appellant alleges, without citing any authority, that the trial court’s failure to hold a hearing is a constitutional violation. The State contends that no constitutional error exists.  We agree with the State.  
See Cravin
, 95 S.W.3d at 509-11. (holding that post-conviction DNA hearing is analogous to habeas corpus proceedings and procedures set out in chapter 64 do not violate due process and other constitutional rights).
(footnote: 4)  Because we have determined that the error is not constitutional, rule 44.2(b) is applicable.  
Tex. R. App. P.
 44.2(a).  Therefore, we are to disregard the error if it does not affect the appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).  When considering whether an error “affected substantial rights,” we consider whether a party had a right to that which the error denied.  
Johnson
 
v. State
, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002).  According to chapter 64 of the code of criminal procedure “After examining the results of testing under Article 64.03, the convicting court 
shall
 hold a hearing and make a finding. . .”  The code also provides that “A convicted person is entitled to counsel during a proceeding under this chapter.”  
Tex. Code Crim. Proc. Ann
. art. 64.01(c).

In determining whether the failure to hold a hearing affected Appellant’s substantial rights, we consider the record as a whole.  
See Schutz v. State
, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001).  Thus, we should consider everything in the record including the character of the error and its relationship to other evidence. 
Id.
  We agree that because the trial court did not conduct a hearing, Appellant’s attorney was not provided an opportunity to be present or object to any perceived errors in the proceedings.  Appellant contends the error was harmful because not all of the evidence was subjected to DNA testing, he was unable to challenge the expert’s qualifications and findings, and he was unable to have his own expert appointed to review these findings and conduct independent tests.  However, we have overruled all of these issues on appeal and Appellant offers no additional reason why he was harmed.

The pertinent portion of the DNA test results from the Texas DPS states: 

The source of the DNA profile recovered from the shirt cannot be excluded as a contributor to the stain from the knife at the loci D3S1358, D8S1179, and D5S818.  Assuming the victim is the source of the DNA from the shirt, at these loci the probability of selecting an unrelated person at random who could be a contributor to the stain from the knife is approximately 1 in 6 for Caucasians, 1 in 9 for Blacks, and 1 in 5 for Hispanics.

The trial court reviewed these results and entered its finding that stated:

After examining the results of the forensic DNA testing conducted by the Texas Department of Public Safety in the above numbered and styled case (Laboratory case number L1D-120987), the Court finds that the results are NOT FAVORABLE, as defined by article 64.04 of the Texas Code of Criminal Procedure, to the defendant, L.G. Jones III.

Having reviewed the record, we hold that notwithstanding the trial court’s error, the issues that Appellant complains of on appeal would not have shown the DNA test results to be anything other than “NOT FAVORABLE” as entered by the trial court.  Therefore, we conclude that the trial court’s error in not holding a hearing on the DNA test results pursuant to article 64.04 of the code of criminal procedure did not have a significant injurious affect such that Appellant’s substantial rights were affected.
(footnote: 5)  
See McMurrough v. State
, 995 S.W.2d 944, 948 (Tex. App.—Fort Worth 1999, no pet.).  We expressly limited our holding with regard to the harm analysis to the narrow facts presented in this case.  Accordingly, we overrule Appellant’s second issue.

Qualifications of DPS Laboratory and Expert

In his third issue, Appellant complains that the trial court determined the DNA evidence was unfavorable to him without making a separate determination under 
Kelly v. State 
regarding the testing expert’s qualifications.  824 S.W.2d 568, 573 (Tex. Crim. App. 1992).

Article 64.03 of the code of criminal procedure provides that if forensic testing is to be conducted “by a laboratory other than a Department of Public Safety laboratory or a laboratory under contract with the department,” the order for DNA testing must include requirements that “the DNA testing be conducted under reasonable conditions designed to protect the integrity of the evidence and the testing process” and that the DNA testing “employ a scientific method sufficiently reliable and relevant to be admissible under Rule 702, Texas Rules of Evidence.”  
Tex. Code Crim. Proc. Ann
. art. 64.03(d).

The statute does not require compliance with these conditions where the testing is to be done by a DPS laboratory or a laboratory under contract with DPS.  
See id. 
art. 64.03(c).  Thus, the statute implies that the conditions listed above will automatically be met by any DPS laboratory or a laboratory under contract with DPS.  In this case, the testing was performed by a DPS laboratory.  Accordingly, the requirements of article 64.03(d)(1)-(3) do not apply.  
See Booker v. State
, 2004 WL 334867, at *3.  We overrule Appellant’s third issue.

Appointment of Independent Expert

In Appellant’s fourth issue, he complains that the trial court erred by not  allowing him an opportunity to have his own expert appointed to review the testing done by the DPS laboratory, as well as conduct his own tests.  Chapter 64 makes no provision for testing by DPS 
and
 another laboratory.  
Booker
, 2004 WL 334867, at *4.  The court of criminal appeals has held that trial courts do not have jurisdiction to order post-conviction DNA testing outside the provisions of chapter 64.  
State v. Patrick
, 86 S.W.3d 592, 594-95 (Tex. Crim. App. 2002) (orig. proceeding).  Therefore, the trial court lacked jurisdiction to appoint an expert to perform independent testing.  
See Booker
, 2004 WL 334867,
 
at *4.  Even if the trial court had jurisdiction to appoint an independent expert to review DPS’s test results or perform independent testing, Appellant made no request to the trial court for an independent expert and therefore preserved nothing for review. 
See
 
Tex. R. App. P
. 33.1; 
Mendez v. State
, 138 S.W.3d 334, 339-341(Tex. Crim. App. 2004).  We overrule Appellant’s fourth issue.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  March 17, 2005

FOOTNOTES
1:
Jones v. State
, No. 02-99-00503-CR (Tex. App.—Fort Worth April 12, 2001, pet. ref’d) (not designated for publication). 

2:
Evidence was presented at Appellant’s trial on the merits that showed after the victim was stabbed Appellant was stopped by police, and a knife with blood on it was found inside his jacket pocket.

3:
While we agree with Appellant that the trial court should have held a hearing pursuant to article 64.04, we do not agree with Appellant’s interpretation of the proceeding as being adversarial. 
See Ex parte Mines
, 26 S.W.3d 910, 914 (Tex. Crim. App. 2000).

4:
See also United States v. Hayman 
which holds that unlike a criminal trial in which the guilt of the defendant is at issue, a habeas corpus proceedings is an independent proceeding that makes a collateral inquiry into the validity of the conviction.  342 U.S. 205, 222-23, 72 S. Ct. 263 (1952).  A post-conviction DNA testing proceeding is also an independent proceeding that makes a collateral inquiry into the validity of the conviction.  
Cravin
, 95 S.W.3d at 510. 

5:
While we hold the trial court erred in not conducting a hearing pursuant to article 64.04, we need not address what type of procedural mechanisms should occur during a 64.04 hearing because Appellant did not raise that issue.  
See 
Tex. R. App. P
. 47.1 (requiring appellate courts to address every issue necessary for final disposition of this appeal).