In re M.B. JACKSON.

No. 10–07–00288–CR.

Court of Appeals of Texas,
Waco.

Dec. 5, 2007.

M.B. Jackson, Beaumont, pro se.

Kenneth H. Keeling, Huntsville, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

M.B. Jackson seeks a writ of mandamus compelling Respondent, the Honorable Kenneth H. Keeling, Judge of the 278th District Court of Walker County, to make a finding as required by article 64.04 of the Code of Criminal Procedure. We will conditionally grant the relief requested.

Jackson was convicted of sexual assault in 1986 and sentenced to sixty years' imprisonment. In 2004, he filed a motion for postconviction DNA testing under article 64.01. *See* Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2–3, *amended by* Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 1, 2003 Tex. Gen. Laws 16, 16 (amended 2007) (current version at TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2007)). Respondent granted that motion.

 Results from that testing were obtained one year later. Jackson then filed a "brief" with Respondent addressing the requirements of Chapter 64 and the pertinent facts and presenting argument supporting his request for "further relief . . . by way of [article] 64.04." *See* TEX. CODE CRIM. PROC. ANN. art. 64.04 (Vernon 2006). Respondent has not made a finding as required by article 64.04.

"Mandamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." "Additionally, the relator must have a 'clear right to the relief sought,' meaning that the merits of the relief sought are 'beyond dispute.'" "The requirement of a clear legal right necessitates that the law plainly describes the duty to be per-

formed such that there is no room for the exercise of discretion."
*DeLeon v. District Clerk,* 187 S.W.3d 473, 474 (Tex.Crim.App.2006) (per curiam) (quoting *Winters v. Presiding Judge,* 118 S.W.3d 773, 775 (Tex.Crim.App.2003)).

Article 64.04 provides:

After examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.

TEX.CODE CRIM. PROC. ANN. art. 64.04.

 Thus, article 64.04 imposes two requirements in a case in which postconviction DNA testing has been ordered. First, the trial court is required to hold a hearing regarding the results of the testing. *Id.; Jones v. State,* 161 S.W.3d 685, 690 (Tex.App.-Fort Worth 2005, pet. ref'd); *Lopez v. State,* 114 S.W.3d 711, 716 (Tex. App.-Corpus Christi 2003, no pet.); *In re Fain,* 83 S.W.3d 885, 888 n. 2 (Tex.App.-Austin 2002, no pet.). And second, the trial court is required to "make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX.CODE CRIM. PROC. ANN. art. 64.04.

 Here, Respondent has a ministerial duty to make a finding under article 64.04. *See id.* Thus, the first requirement for mandamus relief is met. *See DeLeon,* 187 S.W.3d at 474. Depending on Respondent's finding, Jackson may ultimately be able to have his conviction set aside,[1] or Respondent may determine that there is no reasonable probability that Jackson would not have been convicted even if the results of the testing had been available at trial (*i.e.,* that the test results

---

1. *But see Ex parte Baker,* 185 S.W.3d 894, 895 (Tex.Crim.App.2006) (article 64.04 "does not

say that a favorable finding will have any effect on the conviction").

were not favorable to Jackson). If Respondent makes the latter finding, Jackson can appeal that adverse finding. *See, e.g., Jones,* 161 S.W.3d at 688; *Hicks v. State,* 151 S.W.3d 672, 674 (Tex.App.-Waco 2004, pet. ref'd); *see also* TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon 2006). However, he cannot appeal until such a finding is made. Thus, the second requirement for mandamus relief is met. *See DeLeon,* 187 S.W.3d at 474.

Therefore, we conditionally grant the requested writ. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has signed and entered a written order with the finding required by article 64.04.