

# IN THE
# TENHENTH COURT OF APPEALS

---

## No. 10-10-00231-CR

## IN RE ROBERT WHITFIELD

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this original proceeding, Relator Robert Whitfield seeks mandamus relief[1] against the respondent trial judge on the allegation that she has failed to hold a hearing under article 64.04 of the Code of Criminal Procedure, as requested by Whitfield's motion for such a hearing, which he purportedly mailed for filing on May 3, 2010.[2]

---

[1] Whitfield's "application" for writ of mandamus has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). Copies of the supporting documents are not certified or sworn to, as required by Rules 52.3(k) and 52.7(a)(1). *See id.* 52.3(k), 52.7(a)(1). And it lacks proof of service on the Freestone County District Attorney, a Real-Party-in-Interest. *See id.* 52.2. A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only. *Id.* 2.

[2] Article 64.04 provides: "After examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX. CODE CRIM. PROC. ANN. art. 64.04 (Vernon 2006); *see In re Jackson,* 238 S.W.3d 605 (Tex. App.—Waco 2007, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.*

Whitfield's application and "record" do not show that he has brought his motion to the trial judge's attention or that he has otherwise requested the trial judge to hold the article 64.04 hearing. Whitfield's "record" has one letter (dated June 2, 2010) to the District Clerk, and it asks only if any "ruling, order or any decision" had been made on his motion. The mere filing of a pleading or letter with the clerk does not impute knowledge to the trial court. *See In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding). Whitfield has not shown that he has brought the matter to the attention of the trial judge.

Because Whitfield has not shown that he is entitled to relief, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Petition denied
Opinion delivered and filed July 7, 2010
[OT06]