IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00357-CR

 

In
re Robert Whitfield

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

In this second original proceeding that Relator
Robert Whitfield has filed this year, (see In re Whitfield, No.
10-10-00231-CR, 2010 WL 2683134 (Tex. App.—Waco July 7, 2010, orig. proceeding)
(mem. op.)), he again seeks mandamus relief against the Respondent District Judge
and, this time, also against the Respondent District Clerk and the Respondent
District Attorney on the primary allegation that the district judge has failed
to hold a hearing and make findings under article 64.04 of the Code of Criminal
Procedure.[1]

A court of appeals has no jurisdiction to issue a writ of mandamus
against a district clerk except to protect or enforce its jurisdiction.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); In
re Simmonds, 271 S.W.3d
874, 879 (Tex. App.—Waco 2008, orig. proceeding).  We do not have jurisdiction
to decide Whitfield’s mandamus proceeding against the district clerk.  For the
same reason, we lack jurisdiction to decide Whitfield’s mandamus proceeding against
the district attorney.  See In re Jones, No. 06-03-00061-CV, 2003 WL
1985247 (Tex. App.—Texarkana April 30, 2003, orig. proceeding) (mem. op.) (not
designated for publication).  We thus dismiss it as to those two respondents for
want of jurisdiction.[2]

Whitfield’s “record” contains copies of
two motions, file-marked July 29, 2010 and September 7, 2010, respectively,
requesting the trial court to hold an article 64.04 hearing with respect to DNA
testing that was ordered and then was done in 2009.  Also included is a
purported copy of a September 3, 2010 letter to the district clerk asking her
to bring his motion (the one file-marked September 3) to the trial judge’s
attention.

Whitfield analogizes his postconviction
DNA proceeding to a postconviction habeas corpus proceeding and argues that the
convicting court has thirty-five days to rule on his motions.  See Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3(b, c) (Vernon Supp. 2010).  But Chapter 64 has no similar timeline. 
Instead, as we noted in Whitfield’s first proceeding, 

            A trial judge has a reasonable time to
perform the ministerial duty of considering and ruling on a motion properly
filed and before the judge.  In re Chavez, 62 S.W.3d 225, 228
(Tex. App.—Amarillo 2001, orig. proceeding).  But that duty generally does not
arise until the movant has brought the motion to the trial judge’s attention,
and mandamus will not lie unless the movant makes such a showing and the trial
judge then fails or refuses to rule within a reasonable time.  See id.

 

Whitfield, 2010 WL 2683134, at *1 (emphasis
added).

 

            And we repeat again (from
our opinion in his first proceeding) that Whitfield still has not shown with a
record that he has brought the motion to the trial judge’s attention:

            Whitfield’s application and
“record” do not show that he has brought his motion to the trial judge’s
attention or that he has otherwise requested the trial judge to hold the
article 64.04 hearing.  Whitfield’s “record” has one letter (dated June 2,
2010) to the District Clerk, and it asks only if any “ruling, order or any
decision” had been made on his motion.  The mere filing of a pleading or letter
with the clerk does not impute knowledge to the trial court.  See In
re Flores, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June
25, 2003, orig. proceeding).  Whitfield has not shown that he has brought the
matter to the attention of the trial judge.

 

Id.  (emphases added).

            Because Whitfield has again not
shown that he is entitled to relief, we deny his request for a writ of
mandamus.[3]

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
court’s judgment to the extent it denies Whitfield’s petition.  A separate
opinion will not issue.)

Petition
denied

Opinion
delivered and filed October 20, 2010

Do
not publish

[OT06]









 









[1]
Article 64.04 provides:  “After examining the results of testing under Article
64.03, the convicting court shall hold a hearing and make a finding as to
whether, had the results been available during the trial of the offense, it is
reasonably probable that the person would not have been convicted.”  Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon 2006); see In re Jackson, 238 S.W.3d 605 (Tex. App.—Waco 2007,
orig. proceeding).





[2] Whitfield’s
“application” for writ of mandamus has several procedural deficiencies.  It
does not include the certification required by Rule of Appellate Procedure
52.3(j).  See Tex. R. App. P.
52.3(j).  Copies of the supporting documents are not certified or sworn to, as
required by Rules 52.3(k) and 52.7(a)(1).  See id. 52.3(k), 52.7(a)(1). 
And, the application lacks proof of service on the Respondent District Judge;
the certificate of service notes service on only the Respondent District Clerk
and Respondent District Attorney.  See id. 52.2.  A copy of all
documents presented to the Court must be served on all parties to the
proceeding and must contain proof of service.  Id. 9.5.  Because of our
disposition and to expedite it, we will implement Rule 2 and suspend these
rules in this proceeding only.  Id. 2.

 

                Whitfield
also filed an affidavit and a motion for leave to file his application for writ
of mandamus.  The motion for leave is dismissed as moot because such motions
are no longer required under the Texas Rules of Appellate Procedure.  The
motion for leave reflects proof of service on only the Respondent District
Judge; it lacks proof of service on the Respondent District Clerk and
Respondent District Attorney.  The affidavit lacks any proof of service.  Because
of our disposition and to expedite it, we will implement Rule 2 and suspend Rule
9.5 as to the affidavit and motion for leave.  Id. 2.





[3] We repeat what we have expressed
regarding inmate civil litigation because it appears to be applicable to this
proceeding where the same issue has now been raised twice:

 

[W]e are confident that
Respondent will proceed to dispose of [Relator’s] motions and lawsuit in a
timely fashion.  We acknowledge the burden of pro se inmate litigation, but as
long as a suit satisfies Chapter 14 of the Civil Practice and Remedies Code,
our judicial system must function for such litigation as it does with any
other.  In addition to providing litigants with their “day in court,” such
functioning will render unnecessary original proceedings such as this one.

 

In re Comeaux, No. 10-10-00243-CV, 2010
WL 3703662, at *1 (Tex. App.—Waco Sept. 22, 2010, orig. proceeding) (mem. op.) (emphasis
added) (quoting In re Comeaux, No. 10-07-00235-CV, 2007 WL 4260638, at
*2 & n.1 (Tex. App.—Waco Dec. 5, 2007, orig. proceeding) (mem. op.).