

IN THE

TENTH COURT OF APPEALS

———————————

No. 10-10-00357-CR

IN RE ROBERT WHITFIELD

———————————

Original Proceeding

MEMORANDUM  OPINION

In this second original proceeding that Relator Robert Whitfield has filed this year, (*see In re Whitfield*, No. 10-10-00231-CR, 2010 WL 2683134 (Tex. App.—Waco July 7, 2010, orig. proceeding) (mem. op.)), he again seeks mandamus relief against the Respondent District Judge and, this time, also against the Respondent District Clerk and the Respondent District Attorney on the primary allegation that the district judge has failed to hold a hearing and make findings under article 64.04 of the Code of Criminal Procedure.[1]

---

[1] Article 64.04 provides: "After examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX. CODE CRIM. PROC. ANN. art. 64.04 (Vernon 2006); *see In re Jackson*, 238 S.W.3d 605 (Tex. App.—Waco 2007, orig. proceeding).

A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk except to protect or enforce its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004)*; In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). We do not have jurisdiction to decide Whitfield's mandamus proceeding against the district clerk. For the same reason, we lack jurisdiction to decide Whitfield's mandamus proceeding against the district attorney. *See In re Jones*, No. 06-03-00061-CV, 2003 WL 1985247 (Tex. App.—Texarkana April 30, 2003, orig. proceeding) (mem. op.) (not designated for publication). We thus dismiss it as to those two respondents for want of jurisdiction.[2]

Whitfield's "record" contains copies of two motions, file-marked July 29, 2010 and September 7, 2010, respectively, requesting the trial court to hold an article 64.04 hearing with respect to DNA testing that was ordered and then was done in 2009. Also included is a purported copy of a September 3, 2010 letter to the district clerk asking her to bring his motion (the one file-marked September 3) to the trial judge's attention.

---

[2] Whitfield's "application" for writ of mandamus has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). Copies of the supporting documents are not certified or sworn to, as required by Rules 52.3(k) and 52.7(a)(1). *See id.* 52.3(k), 52.7(a)(1). And, the application lacks proof of service on the Respondent District Judge; the certificate of service notes service on only the Respondent District Clerk and Respondent District Attorney. *See id.* 52.2. A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only. *Id.* 2.

Whitfield also filed an affidavit and a motion for leave to file his application for writ of mandamus. The motion for leave is dismissed as moot because such motions are no longer required under the Texas Rules of Appellate Procedure. The motion for leave reflects proof of service on only the Respondent District Judge; it lacks proof of service on the Respondent District Clerk and Respondent District Attorney. The affidavit lacks any proof of service. Because of our disposition and to expedite it, we will implement Rule 2 and suspend Rule 9.5 as to the affidavit and motion for leave. *Id.* 2.

Whitfield analogizes his postconviction DNA proceeding to a postconviction habeas corpus proceeding and argues that the convicting court has thirty-five days to rule on his motions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(b, c) (Vernon Supp. 2010). But Chapter 64 has no similar timeline. Instead, as we noted in Whitfield's first proceeding,

> A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.*

*Whitfield,* 2010 WL 2683134, at *1 (emphasis added).

And we repeat again (from our opinion in his first proceeding) that Whitfield still has not shown with a record that he has brought the motion *to the trial judge's attention*:

> Whitfield's application and "record" do not show that he has brought his motion *to the trial judge's attention* or that he has otherwise requested the trial judge to hold the article 64.04 hearing. Whitfield's "record" has one letter (dated June 2, 2010) to the District Clerk, and it asks only if any "ruling, order or any decision" had been made on his motion. The mere filing of a pleading or letter with the clerk does not impute knowledge *to the trial court*. *See In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding). Whitfield has not shown that he has brought the matter to the attention *of the trial judge*.

*Id.* (emphases added).

Because Whitfield has again not shown that he is entitled to relief, we deny his

request for a writ of mandamus.[3]

REX D. DAVIS
Justice

Before Chief Justice Gray,
　　　Justice Reyna, and
　　　Justice Davis
　　　(Chief Justice Gray concurs in the court's judgment to the extent it denies
　　　Whitfield's petition.  A separate opinion will not issue.)
Petition denied
Opinion delivered and filed October 20, 2010
Do not publish
[OT06]

---

[3] We repeat what we have expressed regarding inmate civil litigation because it appears to be applicable to this proceeding where the same issue has now been raised twice:

> [W]e are confident that Respondent will proceed to dispose of [Relator's] motions and lawsuit in a timely fashion.  We acknowledge the burden of pro se inmate litigation, but as long as a suit satisfies Chapter 14 of the Civil Practice and Remedies Code, our judicial system must function for such litigation as it does with any other.  In addition to providing litigants with their "day in court," *such functioning will render unnecessary original proceedings such as this one*.

*In re Comeaux,* No. 10-10-00243-CV, 2010 WL 3703662, at *1 (Tex. App.—Waco Sept. 22, 2010, orig. proceeding) (mem. op.) (emphasis added) (quoting *In re Comeaux,* No. 10-07-00235-CV, 2007 WL 4260638, at *2 & n.1 (Tex. App.—Waco Dec. 5, 2007, orig. proceeding) (mem. op.).