**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 10, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00565-CR

### IN RE WILLIAM ERVIN MITCHELL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 709814**

## MEMORANDUM OPINION

Relator William Ervin Mitchell, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, filed a *pro se* petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jeannine Barr, presiding judge of the 182nd District Court of Harris County, to rule on his

---

[1] This court affirmed appellant's conviction for burglary of a habitation with the intent to commit aggravated assault. *See Mitchell v. State*, 14-96-01116-CR, 1998 WL 78122 (Tex. App.—Houston [14th Dist.] Feb. 26, 1998, no pet.) (not designated for publication).

motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.

Relator asserts that counsel was appointed to represent him on his DNA motion and that testing was performed in May of 2009. Relator asserts that to date, he has not been notified that the trial court made findings of fact after the testing, as required by statute. *See* Tex. Code Crim. Proc. art. 64.04.

Included with relator's petition is a copy of a letter from his appointed counsel informing relator that after testing in 2009, findings were prepared but never presented to the court for signature. Counsel included a copy of unsigned Proposed Findings of Fact, which include the following findings:

> The Court finds, based on the TDPS-CL DNA report, that the DNA testing ordered pursuant to Chapter 64 did not produce results which were favorable to the Defendant

> The Defendant fails to show that it is reasonably probable that the Defendant would not have been convicted for burglary of a habitation in cause number 709814 if the DNA test results obtained by TDPS-CL had been available before or during the trial in cause number 709814.

Mandamus relief in a criminal case may be granted if the relator shows the following: (1) the act sought to be compelled is purely ministerial and (2) there is no adequate remedy at law. *DeLeon v. District Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006).

A trial court has a ministerial duty to make findings after DNA testing, as required by article 64.04. *In re Jackson*, 238 S.W.3d 603, 604 (Tex. App.—Waco 2007, orig. proceeding). A mandamus petitioner establishes that the trial court abused its discretion by failing to perform a ministerial act if the petitioner shows that the court had a legal duty to perform and was asked to perform that duty, but

2

failed or refused to do so. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

Relator has not established that the trial court has failed or refused to make findings when requested to do so. Relator has not included with his petition a request to the trial court to act on his DNA test results. Relator's appointed counsel informed relator that findings were never presented to the trial court for signature. Therefore, relator has not established that he is entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).