**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 30, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00826-CR

### IN RE DARIUS DURON ELAM, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 380350**

### MEMORANDUM OPINION

On October 16, 2014, relator Darius Duron Elam filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mary Lou Keel, presiding judge of the 232nd District Court of Harris County, to conduct a hearing on the results of DNA tests under Article 64.04 of the Texas

Code of Criminal Procedure.  *See* Tex. Code Crim. Proc. Ann. art. 64.04 (West Supp. 2014).

Relator was convicted of aggravated robbery and sentenced to life in prison in 1984.[1]  In his petition, relator states that he had counsel file a motion for DNA testing, which the trial court granted in October 2012.  Relator further explains that, on December 7, 2012, members of the Harris County District Attorney's Office, Integrity Conviction Unit took DNA samples from him at the Darrington Unit, where he is incarcerated.

Attached to relator's petition is a February 19, 2014 "Minifiler Laboratory Report" from the Texas Department of Public Safety.  The report states, as to DNA extracts from the swabs of the victim's fingernail clippings, that "the partial DNA is consistent with an unknown male individual.  Darius Elam is excluded as the contributor of the profile.  This profile can be compared to a possible source."  Relator states that another forensic expert stated in a report on August 20, 2014, that the victim's DNA material was too old to yield a profile.[2]  According to relator, the DNA profile of the unknown male was not identified in the CODIS System.  Relator also attached a letter dated September 23, 2014, to Judge Keel, asking for a hearing under article 64.04.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision.  *State ex rel.*

---

[1] *See Elam v. State*, No. 14-08-00580-CR, 2009 WL 31126413 (Tex. App.—Houston [14th Dist.] Sept. 29, 2009, pet. ref'd) (mem. op., not designation for publication).

[2] The August 20, 2014 report is not included with relator's petition.

*Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Article 64.04 provides:

> After examining the results of DNA testing under Article 64.03 and any comparison of a DNA profile under Article 64.035, the convicting court shall hold a hearing and make a finding as to whether had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.

Tex. Code Crim. P. 64.04.

Article 64.04 requires, in a case in which DNA testing has been ordered, that the trial court hold a hearing regarding the results of the DNA testing, and to make a finding on whether, had the results been available during the trial, it is reasonably probable that the person would not have been convicted. *In re Jackson*, 238 S.W.3d 603, 604 (Tex. App.—Waco 2007, orig. proceeding). The trial court has a ministerial duty to make findings after DNA testing. *Id.* A relator can appeal an adverse finding, but he cannot do so until such a finding is made, rendering appeal an inadequate remedy for failure to make a finding. *Id.*

The letter relator wrote to Judge Keel, even if it is a motion, is not file-stamped to show that it is actually pending in the trial court, and there is nothing to show that it was presented to Judge Keel. A relator establishes that the trial court abused its discretion by failing to perform a ministerial act if the relator shows that the court had a legal duty to perform and was asked to perform that duty, but failed or refused to do so. *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). A trial court is not required to consider a motion not

3

called to its attention. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

A few days after relator filed his mandamus petition in this court, he mailed a copy of a "Petition for 'Favorable Finding' of DNA Results and 'Reasonable Probability' Petitioner Would Not Have Been Convicted Due to Exculpatory Results," to the trial court. The copy is likewise not file stamped by the trial court. Relator states he filed the motion with this court so that we would have additional arguments for appellate purposes. Relator has not shown that the motion is pending in the trial court or that the motion has been presented to the trial court or that the trial court has had a reasonable time in which to rule on a motion. *See Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator has not established that he is entitled mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel Consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).