

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

IN RE: ARMANDO MADRID,

Relator.

§        No. 08-15-00330-CR

§        ORIGINAL PROCEEDING

§        ON PETITION FOR WRIT OF

§        MANDAMUS

**<u>MEMORANDUM OPINION</u>**

Relator, Armando Madrid, has filed a *pro se* petition for writ of mandamus against the Honorable Martin Muncy, Judge of the 109th District Court of Andrews County, Texas, alleging that no action has been taken since the trial court ordered post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 64.01-64.05 (West Supp. 2014). He also asserts that court-appointed counsel has failed to communicate with him regarding the DNA test results. We deny mandamus relief.

Relator filed a motion for post-conviction DNA testing in cause numbers 4715 and 4716 and the trial court appointed counsel to represent him. *See In re Armando Madrid*, No. 08-14-00289-CR, 2015 WL 129026 (Tex.App.--El Paso January 9, 2015, orig. proceeding); *In re Armando Madrid*, No. 08-14-00290-CR, 2015 WL 128807 (Tex.App.--El Paso January 9, 2015, orig. proceeding). According to Relator's petition, the trial court entered an order for DNA testing on January 6, 2015. Relator complains that the trial court has not taken any further action with respect to the test results and court-appointed counsel has not taken steps to cause the

laboratory to complete the testing. He also asserts that counsel has not made him aware of the test results.

A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id.* § 22.221(a). Relator's mandamus petition is directed, in part, against his court-appointed counsel, but we do not have jurisdiction to issue a writ of mandamus against counsel under Section 22.221(b) and issuance of the writ is not necessary to enforce our jurisdiction. Consequently, we have restricted our review of Relator's petition to the claim made against the trial court.

To obtain mandamus relief, Relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). Additionally, the relator must have a clear right to the relief sought. *DeLeon v. District Clerk*, 187 S.W.3d 473, 474 (Tex.Crim.App. 2006). The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion. *Id.*

Article 64.04 requires the convicting court to examine the testing results, hold a hearing, and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted. The Court does not have any definitive information regarding the length of time required for a testing laboratory to perform DNA testing, but our general understanding is that it typically requires months for the testing to be completed. *See, e.g., In re Jackson*, 238 S.W.3d 603, 604 (Tex.App.--Waco 2007,

orig. proceeding)(stating that DNA results were obtained one year after the trial court ordered DNA testing). The record does not affirmatively reflect that the DNA testing has been completed or that the test results have been filed with the trial court and served as required by Article 64.03(d)(3). Consequently, there is no evidence that the trial court has failed to conduct the hearing required by Article 64.04 within a reasonable period of time after receipt of the test results. We conclude that Relator has not presented sufficient evidence to establish he is entitled to mandamus relief. Accordingly, the requested mandamus relief is denied.

STEVEN L. HUGHES, Justice

November 10, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)