**Petition for Writ of Mandamus Denied and Opinion filed January 17, 2019.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-18-01083-CR**

_____

**IN RE DARIUS DURON ELAM, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 380350-I**

## MEMORANDUM OPINION

On December 17, 2018, relator Darius Duron Elam filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kristen Guiney, presiding judge of the 232nd District Court of Harris County,[1] to rule on his "Motion for Leave to Re-hear Chapter 64.04 Hearing that Comports with Standards."

---

[1] The Honorable Josh Hill became the presiding judge of the 232nd District Court on January 1, 2019.

In 1984, relator was convicted of aggravated robbery and sentenced to life imprisonment. *See Elam v. State*, 14-08-00580-CR, 2009 WL 3126413, at *1 (Tex. App.—Houston [14th Dist.] Sept. 29, 2009, pet. ref'd) (mem. op., not designation for publication). In 2009, this court affirmed the trial court's denial of relator's motion for post-conviction DNA testing. *Id.* at *2. According to relator's petition he filed a further motion for post-conviction DNA testing in 2012, which the trial court granted. After receiving the testing results relator sought a hearing pursuant to article 64.04 of the Code of Criminal Procedure, which provides:

> After examining the results of testing under Article 64.03 and any comparison of a DNA profile under Article 64.035, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.

Tex. Crim. Proc. Code Ann. § 64.04.

A relator must satisfy two predicates to justify mandamus relief. *Powell v. Hocker*, 516 S.W.3d 488, 494 (Tex. Crim. App. 2017). First, he must show that he has no adequate remedy at law for obtaining the relief he seeks. *Id.* Article 64.04 requires, in a case in which DNA testing has been ordered, that the trial court hold a hearing regarding the results of the DNA testing, and make a finding on whether, had the results been available during the trial, it is reasonably probable that the person would not have been convicted. *In re Jackson*, 238 S.W.3d 603, 604 (Tex. App.—Waco 2007, orig. proceeding). The trial court has a ministerial duty to make findings after DNA testing. *Id.* A relator can appeal an adverse finding, but he cannot do so until such a finding is made, rendering appeal an inadequate remedy for failure to make a finding. *Id.*

Second, a relator must demonstrate a clear right to the relief he seeks. *Powell*, 516 S.W.3d at 494. Where the conduct of a court is involved, a relator must demonstrate that the act he seeks is ministerial, not judicial, in nature. *Id*. A relator establishes that the trial court abused its discretion by failing to perform a ministerial act if the relator shows that the court had a legal duty to perform and was asked to perform that duty but failed or refused to do so. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 213 (Tex. Crim. App. 2007).

Attached to relator's petition is his motion for leave for the court to "re-hear" the "Chapter 64.04 hearing." The motion is not file-stamped to show that it is pending in the trial court and does not otherwise reflect that it was presented to Judge Guiney. The trial court is not required to consider a motion that has not been called to its attention by proper means. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Further, we cannot compel Judge Guiney to act and grant the requested relief because she is no longer on the bench. We will not order the current trial court to act until relator has properly presented the motion to the current trial judge.

Because we cannot grant the requested relief, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).