**DENIED and Opinion Filed December 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00606-CV

### IN RE JEROME JOHNSON, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Chief Justice Burns[1] and Justices Osborne and Reichek
Opinion by Chief Justice Burns

In this original proceeding, Jerome Johnson petitions for a writ of mandamus to compel the trial court to issue appealable written findings denying relief on his motion seeking forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.005 (allowing appeal in DNA testing proceeding in same manner as other criminal appeals). Relator has also filed motions for disclosure, discovery, and inspection of various records; to appoint counsel; and to conduct a court of inquiry to examine his allegations of prosecutorial misconduct and a conspiracy against him between the

---

[1] The Honorable David L. Bridges, Justice, participated in the submission of this case; however, he did not participate in the issuance of this memorandum opinion due to his death on July 25, 2020. Chief Justice Robert Burns has substituted for Justice Bridges in this cause.

trial court judge who presided over his trial and the prosecutor. We deny relator's petition and his pending motions.

Upon completion of DNA testing, the DNA testing statute obliges the trial court to conduct a hearing and issue a finding establishing "whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." *See id*. art. 64.04. A written finding would be necessary before relator can appeal the trial court's ruling. *See id*. art. 64.05. Conducting the hearing and issuing a formal finding is a ministerial duty for the trial court. *In re Jackson*, 238 S.W.3d 603, 605 (Tex. App.—Waco 2007, orig. proceeding).

Relator's evidence shows the trial court ordered testing and counsel sent relator a copy of the testing results, dated September 11, 2019, which appears to show relator's DNA profile is a match to the vaginal swab from the victim. In a November 21, 2019 letter to the trial court, relator narrates that counsel told him counsel would present the matter to the trial court to make findings in accordance with article 64.04. Relator alleges, but does not prove, that the trial court has never entered written findings in his DNA proceeding.

Relator bears the burden to provide the Court with a sufficient record to show his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Long*, 607 S.W.3d 443, 446 (Tex. App.—Texarkana, orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires the relator to file an

appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

The Court granted relator's motion to supplement the mandamus record with documents relator filed as part of a previous mandamus proceeding involving the same subject matter. *See In re Johnson*, No. 05-19-00725-CV, 2019 WL 3852654 (Tex. App.—Dallas Aug. 16, 2019, orig. proceeding) (mem. op.).

Relator attached to his petition: (1) a list of the documents he had filed in cause no. 05-19-00725-CV showing his efforts to obtain post-conviction DNA testing; (2) a November 21, 2019 letter he wrote to the trial court complaining about trial counsel and asking the trial court to forward testing results directly to him; (3) a copy of the DNA report relator received from counsel; and (4) an October 7, 2019 letter relator sent to counsel complaining about counsel's performance and the lack of activity on his case.

Relator's documents show what he has filed with the trial court and what he has received from counsel, but they do not show what actions the trial court has taken or failed to take after ordering the State to respond to the motion for testing. Relator has not provided the Court with a docket sheet or other evidence showing the trial court has not issued findings on his DNA testing proceeding. *See* TEX. R. APP. P.

52.3(k)(1)(A); *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at \*1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (concluding relator failed to show grounds for mandamus absent docket sheet or other evidence that the trial court had not acted on motion); *In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at \*1 (Tex. App.—Tyler June 21 2017, orig. proceeding) (mem. op.) (concluding relator not entitled to mandamus to rule on motion to correct bill of costs where mandamus record did not include evidence, such as docket sheet, showing trial court had not ruled on motion). Without a record showing what actions the trial court has taken or failed to take, relator cannot show that he is entitled to mandamus relief. *See Vasquez*, 2015 WL 2375504, at \*1.

Accordingly, we deny the petition for writ of mandamus without prejudice to refiling with proper supporting documentation. We deny all pending motions.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200606F.P05

–4–